IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

YULANDA ANN DAVIS                                                                PLAINTIFF

vs.                                  Civil No. 6:11-cv-06075

MICHAEL J. ASTRUE                                                                DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Yulanda Ann Davis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff's application for SSI, now before this Court, was protectively filed on August 24, 1998. (Tr. 81-83). This application alleges an onset date of June 1, 1996. (Tr. 82). Plaintiff alleged, at an administrative hearing on February 22, 2006, she was disabled due to headaches; leg, knee, mental, and menstrual problems; and lower back pain. (Tr. 315-318).

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff's SSI application was initially denied on March 29, 1999 and was denied again on reconsideration on May 19, 1999. (Tr. 67-70). Plaintiff requested an administrative hearing which was held on February 15, 2000 in Hot Springs, Arkansas. (Tr. 35-66). On May 23, 2000, the ALJ entered an unfavorable decision, concluded Plaintiff was not disabled under the Act, and denied Plaintiff's request for SSI. (Tr. 11-23). On August 2, 2001, the Appeals Council denied Plaintiff's request for review of this unfavorable decision. (Tr. 5-7). Subsequently, Plaintiff appealed this unfavorable decision to this Court. (Tr. 229-238). On January 10, 2003, the Honorable Judge Bobby E. Shepherd entered an order reversing and remanding Plaintiff's case to the ALJ, finding that the ALJ erred both by determining that Plaintiff could perform unskilled, heavy work and by failing to consider testimony from a vocational expert regarding Plaintiff's borderline intellectual functioning. (Tr. 229-238).

Following this remand, a second administrative hearing was held on November 5, 2003 in Hot Springs, Arkansas. (Tr. 241-267). On February 19, 2004, the ALJ entered a second unfavorable decision denying Plaintiff's request for SSI. (Tr. 209-221). Thereafter, Plaintiff appealed this second unfavorable decision to this Court. (Tr. 291-296). On September 29, 2005, the Honorable Judge Beverly Stites Jones entered an order reversing and remanding Plaintiff's case to the ALJ for a second time, finding that the ALJ erred by failing to question the vocational expert regarding Plaintiff's borderline intellectual functioning. (Tr. 295-296). In this opinion, Judge Jones also noted that, on remand, the ALJ should reevaluate his finding that Plaintiff can perform the full range of medium work. (Tr. 296).

Following this remand, a third administrative hearing was held on February 22, 2006 in Hot Springs, Arkansas. (Tr. 311-335). On April 24, 2006, the ALJ entered a third unfavorable decision

denying Plaintiff's request for SSI. (Tr. 275-284). Thereafter, Plaintiff appealed this third unfavorable decision to this Court. (Tr. 426-430). On September 24, 2007, the Honorable Judge Barry Bryant entered an order reversing and remanding Plaintiff's case to the ALJ for a third time, finding that the ALJ erred in his RFC determination and in his credibility analysis. (Tr. 435-450).

Thereafter, a fourth administrative hearing was held on May 30, 2008 in Hot Springs, Arkansas. (Tr. 537-572). Plaintiff was present and was represented by an attorney, James Street, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") David Elmore testified at this hearing. *See id.* At the time of this hearing, Plaintiff was twenty-eight (28) years old, which is classified as a "younger individual" under 20 C.F.R. § 404.1563(c) (2007), and had completed the tenth grade of school. (Tr. 545). At the time of this hearing, Plaintiff was also five (5) foot, five (5) inches tall and weighed approximately three hundred and fifteen (315) pounds. (Tr. 545).

On June 9, 2009, the ALJ entered a fourth unfavorable decision denying Plaintiff's request for SSI.[2] (Tr. 404-416). In this opinion, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 29, 1998. (Tr. 406, Finding 1). The ALJ determined Plaintiff suffered from the severe impairments of borderline intellectual functioning, obesity, leg and knee pain, and headaches. (Tr. 406, Finding 2). The ALJ determined that, although severe, these impairments or combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 416.920(d), 416.925, and 416.926) ("Listings"). (Tr. 406-408, Finding 3).

The ALJ also evaluated Plaintiff's subjective complaints and determined Plaintiff's Residual

---

[2] The ALJ's June 8, 2009 opinion is the only opinion that will be reviewed and analyzed in this current Memorandum Opinion.

Functional Capacity ("RFC"). (Tr. 408-415, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and determined that Plaintiff's testimony was not fully credible. *See id.* Second, the ALJ determined Plaintiff's RFC and concluded Plaintiff could perform less than the full range of light work. (Tr. 408, Finding 4). Specifically, the ALJ determined Plaintiff retained the ability to perform the following:

> lift up to 20 pounds occasionally and 10 pounds frequently, stand/walk 6-8 hours in an 8-hour work day, and sit 6-8 hours in an 8-hour work day, cannot squat due to obesity; occasionally bend and, non-exertionally, can perform work where interpersonal contact is incidental to work performed, tasks can be no more complex than those learned and performed by rote, few variables, limited judgment, and little supervision is required for routine but detailed for non-routine.

*See id.*

The ALJ also determined that Plaintiff could not perform her Past Relevant Work ("PRW") because she had no PRW. (Tr. 415, Finding 5). The ALJ, however, determined that Plaintiff would be able to perform work that exists in significant numbers in the national economy. (Tr. 415, Finding 9). The VE testified at the hearing regarding this issue. (Tr. 569-572). The VE testified that a hypothetical person the same age as Plaintiff and with the same RFC and education could perform work as a poultry line worker with 1,800 such jobs in the State of Arkansas and 75,000 such jobs in the nation, sewing machine operator with 1,000 such jobs in the State of Arkansas and 114,000 such jobs in the nation and as a production assembler with 6,500 such jobs in the State of Arkansas and 170,000 such jobs in the nation. *Id.* Based upon the VE's testimony, the ALJ determined that Plaintiff was not disabled. (Tr. 416, Finding 10).

On August 27, 2011, the Appeals Council declined to review the ALJ's June 9, 2009 hearing decision. (Tr. 336). Subsequently, Plaintiff filed the present action. ECF No. 1. Plaintiff and Defendant have both filed appeal briefs. ECF Nos. 8, 11. This case is now ready for decision.

4

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred by: (A) failing to consider the combination of Plaintiff's impairments; (B) failed to consider Plaintiff's non-exertional limitations; and (C) assessing Plaintiff's credibility. ECF No. 8, Pages 10-20. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11.

**A. Combination of Impairments**

Plaintiff argues the ALJ erred by failing to consider all of her impairments in combination. However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the

6

claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2006). In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination* of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 406, Finding 3) (emphasis added). The ALJ also found, "after consideration of the entire record," the Plaintiff had the RFC to perform less than the full range of light work. (Tr. 408, Finding 4). The ALJ went on to state Plaintiff's RFC would not preclude her from performing other work that exists in significant numbers in the national economy. (Tr. 415, Finding 9). These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination. Plaintiff has alleged she suffers from a number of impairments. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates the ALJ properly considered the combined effect of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### B. Non-Exertional Limitations

Plaintiff argues the ALJ failed to consider her non-exertional limitations associated with her obesity, mild mental retardation, and chronic pain when determining she could perform light work.

7

ECF No. 8, Pages. 15-17.[3]  A review of the ALJ's decision shows he did in fact consider these limitations in his RFC analysis.

The ALJ determined Plaintiff's RFC and concluded Plaintiff could perform less than the full range of light work. (Tr. 408, Finding 4). Specifically, the ALJ determined Plaintiff retained the ability to perform the following:

> lift up to 20 pounds occasionally and 10 pounds frequently, stand/walk 6-8 hours in an 8-hour work day, and sit 6-8 hours in an 8-hour work day, cannot squat due to obesity; occasionally bend and, non-exertionally, can perform work where interpersonal contact is incidental to work performed, tasks can be no more complex than those learned and performed by rote, few variables, limited judgment, and little supervision is required for routine but detailed for non-routine.

*See id.*

The ALJ found Plaintiff had a severe impairment related to borderline intellectual functioning. (Tr. 406). The hypothetical question the ALJ presented to the vocational expert specified borderline intellectual functioning. (Tr. 569). The RFC determination of the ALJ limited Plaintiff to work where interpersonal contact is incidental to work performed, tasks can be no more complex than those learned and performed by rote, few variables, limited judgment, and little supervision is required for routine work but detailed supervision for non-routine. (Tr. 408). The ALJ also considered Plaintiff's obesity in finding Plaintiff could not squat due to obesity and could occasionally bend in his RFC determination. (Tr. 408). The hypothetical question the ALJ presented to the vocational expert contained these limitations. (Tr. 569).

Substantial evidence supports a finding that the ALJ properly considered Plaintiff's non-exertional limitations in determining her RFC.

---

[3]Plaintiff incorrectly states the ALJ determined Plaintiff could perform the full range of light work, when in fact the ALJ found the Plaintiff had RFC for less than the full range of light work.

### C. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 8, Pages 17-20. Specifically, Plaintiff claims the ALJ erred by failing to make specific findings as to the relevant evidence considered in deciding to discredit Plaintiff's testimony. *See id.* Plaintiff claims the ALJ merely decided, without any reasoning or explanation, to disbelieve Plaintiff's subjective complaints. *See id.* In response, Defendant argues that the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 11, Pages 10-11.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v.*

---

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints as required by *Polaski.*  The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints.  In his opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record.  (Tr. 412-415). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Plaintiff's medication has been effective in controlling her symptoms with no side effects, and (5)Plaintiff's physician encouraged her to get a part-time job.  (Tr. 412-415).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **10th day of July 2012.**

       /s/   Barry A. Bryant
       HON. BARRY A. BRYANT
       U. S. MAGISTRATE JUDGE